**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:26-cv-1001**

| | |
|---|---|
| MATERIAL CONNECTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARBONSTONE RECOVERY, LLC and J. TODD STEWART,<br><br>Defendants. | **COMPLAINT** |

Plaintiff Material Connections, LLC files this Complaint against Defendants Carbonstone Recovery, LLC and J. Todd Stewart (together, "Defendants"), complaining as follows:

**PARTIES**

1. Plaintiff Material Connections is a limited liability company that is organized and existing under the laws of the State of North Carolina with its principal office and place of business located in Mecklenburg County, North Carolina.

2. Defendant Carbonstone Recovery, LLC is a limited liability company that is organized under the laws of the Commonwealth of Kentucky with its principal office and place of business located in Fayette County, Kentucky.

3. Defendant J. Todd Stewart is a citizen and resident of Fayette County, Kentucky.

**JURISDICTION**

4. This Court has jurisdiction over the subject matter of this action pursuant to the 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Material Connections and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has in personam jurisdiction over Defendants by virtue of Federal Rule of Civil Procedure 4(k)(1)(A) and North Carolina's "long arm" statute, N.C. Gen. Stat. § 1-75.4. The Defendants agreed that any disputes relating to the agreements described below shall be governed under the laws of North Carolina. In those agreements, the Defendants also agreed to the exclusive jurisdiction of the courts embracing Mecklenburg County, North Carolina. Further, at all times pertinent to the allegations in this Complaint, the Defendants were engaged voluntarily in substantial activity directly connected with the State of North Carolina and entered into contracts with Material Connections that originated within the State of North Carolina, and which were to be performed within the State of North Carolina.

6. Venue in this District and Division is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Material Connection's principal office and place of business is located in the Western District of North Carolina and a substantial part of the events giving rise to the claim occurred in this District, including, but not limited to, the Defendants' failure to perform obligations required to be performed in this District, namely, paying amounts due in this District under the agreements described below.

7. Venue also is appropriate in this District and Division because Defendants contractually consented to this venue in the agreements described below.

## FACTUAL ALLEGATIONS

8. On or about August 6, 2025, Defendant Carbonstone Recovery executed and delivered a promissory note in the principal amount of $95,000.00 in favor of Material Connections (the "Promissory Note"). Attached hereto and incorporated by reference as Exhibit A is a true and accurate copy of the Promissory Note.

9. The Promissory Note required Defendant Carbonstone Recovery to repay the Principal Amount, plus twelve-percent (12%) interest, by September 6, 2025.

10. The Promissory Note was amended by Defendant Carbonstone Recovery and Material Connections in writing on September 5 and September 11, 2025, respectively. Attached hereto and incorporated by reference as Exhibit B is a true and accurate copy of the September 5 and 11, 2025 amendments.

11. Through the September 5 and September 11 amendments, the interest rate on the principal amount was increased to thirty-five percent (35%) and the due date for repayment was extended (the "Maturity Date").

12. On or about August 6, 2025, Defendant Stewart executed a personal guaranty, guaranteeing the obligations, duties and liabilities Defendant Carbonstone Recovery owed under the Promissory Note (the "Personal Guaranty"). Attached hereto and incorporated by reference as Exhibit C is a true and accurate copy of the Personal Guaranty.

13. Material Connections relied upon Defendant Stewart's Personal Guaranty as a condition of entering into the Promissory Note.

14. Defendant Carbonstone Recovery has defaulted on the Promissory Note by failing to make the required payments on or before the Maturity Date. Defendant Carbonstone Recovery has made no payment whatsoever as of the date of the filing of this Complaint.

15. Defendant Stewart has failed to honor his Personal Guaranty and has not paid the outstanding debt according to the terms of the Promissory Note.

16. Material Connections has demanded that Defendants perform their obligations under the Promissory Note and Personal Guaranty.

17. Defendants refused.

18. The Promissory Note provided that, in the event of default by failing to timely pay the principal amount on the Maturity Date, Defendant Carbonstone Recovery was required to pay simply interest at a rate equal to five percent (5%) per annum until the date of repayment.

19. As of November 16, 2026, the date of the filing of this Complaint, the total amount due under the Promissory Note, including accrued interest, is $133,836.78.

20. The per diem interest rate on the outstanding balance is $17.57.

21. Material Connections has complied with all conditions precedent to bringing this action, including providing notice to the Defendants of their default.

## FIRST CLAIM FOR RELIEF

### Breach of Promissory Note Against Carbonstone Recovery

22. The allegations in Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

23. Defendant Carbonstone Recovery breached the Promissory Note by failing to make the required payments when due.

24. As a result of the breach of Defendant Carbonstone Recovery, Material Connections has suffered damages in the amount of $133,836.78, plus continuing interest at the per diem rate of $17.57, until the date of judgment.

25. Pursuant to the terms of the Promissory Note, Material Connections is also entitled to its reasonable out-of-pocket costs and expenses, including reasonable attorney's fees, incurred in connection with collecting the debt established by the Promissory Note and enforcing its rights.

26. Material Connections is entitled to have and recover judgment against Defendant Carbonstone Recovery for compensatory damages in the amount of $133,836.78, plus continuing

interest at the per diem rate of $17.57, from the date of this Complaint until the date of judgment, along with its attorney's fees.

**SECOND CLAIM FOR RELIEF**

**Breach of Personal Guaranty – Defendant Stewart**

27. The allegations in Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

28. Defendant Stewart breached his obligations under the Personal Guaranty by failing to pay the sums due under the Promissory Note.

29. As a result of the breach of Defendant Stewart, Material Connections has suffered damages in the amount of $133,836.78, plus continuing interest at the per diem rate of $17.57, until the date of judgment.

30. Pursuant to the terms of the Personal Guaranty, Defendant Stewart is liable for payment to Material Connections according to the same terms and conditions of the Promissory Note.

31. Defendant Stewart is, therefore, liable to Material Connections for the costs of collection, including an award of attorney's fees.

32. Material Connections is entitled to have and recover judgment against Defendant Stewart for compensatory damages in the amount of $133,836.78, plus continuing interest at the per diem rate of $17.57, from the date of this Complaint until the date of judgment, along with its attorney's fees.

WHEREFORE, Material Connections prays that the Court order and award the following:

1. That Material Connections have and recover judgment against Defendant Carbonstone Recovery for compensatory damages in the amount of $133,836.78, plus continuing interest at the per diem rate of $17.57, from the date of this Complaint until the date of judgment;

2. That Material Connections have and recover judgment against Defendant Stewart for compensatory damages in the amount of $133,836.78, plus continuing interest at the per diem rate of $17.57, from the date of this Complaint until the date of judgment;

3. That the costs of this action be taxed against Defendants jointly and severally;

4. That the costs of collection, together with an award of attorney's fees, be taxed against Defendants jointly and severally; and

5. That Material Connections have such other and further relief as to the court might seem just and proper.

Respectfully submitted this 17th day of November, 2026.

*<u>/s/ Benjamin P. Fryer</u>*
Benjamin P. Fryer, NC Bar No. 39254
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
bfryer@fordharrison.com
Telephone: 980-282-1900

*Attorneys for Plaintiff Material Connections, LLC*